**KERNER, Plaintiff-Appellee, v. POSPISIL ET, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20658. Decided January 12, 1948.

Frank Wilke, for plaintiff-appellee.
Davis & Davis, Cleveland, for defendants-appellants.

## OPINION

By SKEEL, J.

This cause comes to this court on questions of law and fact wherein the plaintiff seeks to quiet title to certain land described in the petition. The plaintiff claims that the circumstances prevailing prior to dividing the sublot, the main part of which plaintiff now owns or was the owner of in fee simple, were such that, subject to the rights of the City of Maple Heights to an easement for sewer purposes in a remaining twenty foot strip of such sublot, directly to the north of plaintiff's land, because of its use, the manner in which the easement was granted, the fact that there is no means of access to said 20 foot strip except by trespass on the land of others, and all of the other circumstances surrounding the dividing of said sublot, the remaining use of said 20 foot strip subject to the easement is appurtenant to the main portion of said lot to which the plaintiff, as owner, is now entitled.

Frank Pospisil, on May 18, 1930, purchased sublot No. 212 in the Maple Grove Allotment in the City of Maple Heights. Sublot No. 212 has a frontage of about 130 feet on the northerly side of Williams St. (formerly Libby Court) and is 170 feet deep on the westerly line, the northerly line running parallel with Williams St., from the most northerly point of the westerly line 63.77 feet to the right of way of the Pennsylvania Railroad Company; and from that point the northeasterly line running along said right of way to the easterly line of said lot, which runs perpendicularly from Williams Street a distance of 48.4 feet to said right of way.

On July 19, 1921, Frank Pospisil deeded to Mirowlaw Pospisil and Marie Pospisil a parcel of land out of the westerly part of said lot, such part having a frontage of 40 feet on Williams Street and being 130 feet deep.

On March 27, 1924, Frank Pospisil conveyed to the Village of Maple Heights (now the City of Maple Heights) an easement covering a 20 foot strip of said sublot along the Pennsylvania Railroad right of way. The granting clause in said easement was as follows:

"Have given, granted, remised, released and forever quitclaimed and do by these presents absolutely give, grant, remise, release and forever quitclaim unto said grant, its successors release and forever quitclaim unto said grantee, its successors ing, maintaining, repairing and renewing sewers in the following described piece or parcel of land."

The Habendum Clause following the description of the land over which the easement is granted, is as follows:

"To have and to hold the premises aforesaid with the appurtenances thereunto belonging, to the said grantee, its successors and assigns, so that neither said grantor, nor his heirs, nor any other person claiming title through or under him, shall or will hereafter claim or demand any right or title to the premises, or any part thereof; but they and every one of them shall by these presents be excluded and forever barred."

Before the granting of the foregoing easement, Frank Pospisil in 1932 erected a dwelling house known as 14533 on said property, the westerly side of said dwelling being about 10 feet east of the land conveyed to Mirowslaw and Marie Pospisil and setting back, or north from Williams Street, about 27-½ feet.

In 1925 Frank Pospisil erected a dwelling just to the east of the dwelling above described, and known as No. 14543 Williams Street, the northeasterly corner of which dwelling extended over about 12 feet upon the land described in the easement. There was also erected to the rear of the dwelling known as 14533 Williams Street a garage which encroached about 2.7 feet upon the 20 foot strip in which the easement was granted. Also, in the northeasterly corner of said property a frame garage was erected so that it extended on to said 20 foot strip about 13-½ feet.

Thereafter, Frank Pospisil and wife executed a mortgage deed to The Union Trust Company which deed included all of sublot No. 212 except that part deeded to Mirowslaw and Marie Pospisil and the 20 foot strip along the railroad right of way over which the sewer easement had been granted to the Village of Maple Heights. In this mortgage deed in describing in part the land conveyed by the mortgage, the descriptions in part, in describing the line along the 20 foot strip, reads:

"* * * to the southwesterly line of land conveyed to the Village of Maple Heights by deed dated March 27, 1924 and recorded in Vol. 2928, page 96 of Cuyahoga County Records of Deeds; thence southeasterly along the southeasterly line of land so conveyed to the Village of Maple Heights to the easterly line of sublot 212; * * *."

The Union Trust Company, upon default of the debt, secured by said mortgage, instituted foreclosure proceedings and on June 27, 1932 the property was sold by the Sheriff of

Cuyahoga County to The Union Trust Company and on August 9, 1932, The Union Trust Company conveyed the property to The P. A. Frye Company which company later changed its name to Union Properies Inc., and on March 7, 1938 Union Properties Inc., sold the property as described in the mortgage to the plaintiff, Agnes N. Kerner.

Agnes N. Kerner then deeded to her husband, Emil Kerner, the easterly part of said property, upon which the dwelling known as No. 14543 Williams Street is located, who in turn deeded such easterly part to John Marks, so that the plaintiff is now the record owner of 40 feet frontage on Williams Street on which dwelling No. 14533 is located as above described.

Prior to the foreclosure action above referred to, to-wit, early in March 1928, Frank Pospisil and wife deeded by general warranty deed which deed was entered for record on March 8, 1928, all of sublot No. 212 to their two children, Charles and Amalie Pospisil. This action seeks to quiet the plaintiff's title as to all claims of Charles Pospisil and Amalie Pospisil.

The evidence shows that Frank Pospisil, in addition to erecting buildings so that they were in part on the land upon which he had deeded the easement to the city of Maple Heights, also used the said 20 foot strip during his ownership for his own purposes and that since the plaintiff became the record owner of the main part of sublot 212, she too has made some use of some part of the 20 foot strip but not to such an extent as to gain a prescriptive right therein.

In asserting her claim to the right to use the 20 foot strip of land, subject to the easement, as an appurtenance to the property deeded to her by Union Properties Inc., the plaintiff's evidence tends to establish that defendants have no access to the 20 foot strip except by trespassing on the lands of others and that its topography is rough and on a hill, so that, alone, it has no beneficial use and that the numerous encroachments on the strip by Frank Pospisil and his continuous use of it after the easement was granted to the Village of Maple Heights, indicate that it was an apppurtenance to the rest of the property and necessary for its complete enjoyment and beneficial use.

An examination of the undisputed facts, however, will not give support to such claim. The easement to the city of Maple Heights granted certain rights in the 20 foot strip for the construction and maintenance of a sewer. All other rights to the 20 foot strip remained in Frank Pospisil.

The Habendum clause, supra, could not enlarge the provisions of the granting clause in the deed of the easement granted the Village of Maple Heights.

In Burdick on Real Property, parag. 285, pages 766-7 the author says:

"* * * Originally under the feudal system, the office of the habendum and tenendum clauses was to define the quantity of interest or the estate which the grantee was to have in the property granted, and the tenure upon or under which it was to be held. Since the practical abolition of feudal tenures, the only object of the clause is to state the character of the grantee's estate * * *."

"* * * While the habendum may enlarge, restrict, explain or qualify the estate granted in the premises, yet, if it is repugnant to the granting clause the habendum is void. Nor can the habendum be made to include lands which are not in the description * * *."

The conduct of Frank Pospisil in constructing buildings partly on the 20 foot strip and the continual use of a part of the 20 foot strip was done by him as a matter of right. All such uses took place prior to the mortgage deed to the Union Trust Company, while he was the owner of the greater part of said sublot, and therefore such conduct on his part does not support the contention that such uses were retained by Frank Pospisil in the 20 foot strip as an appurtenance to the main portion of the sublot.

The cases upon which plaintiff relies to support her right to have the title to the 20 foot strip quieted as an appurtenance to her property as against the defendants Charles Pospisil and Amalie Pospisil are not in point on the facts in this case.

In the case of **Ciski v. Wentworth, 122 Oh St 478**, para. 1 of syllabus the court said:

"While implied grants of easements are not favored, being in derogation of the rule that written instruments shall speak for themselves, the same may arise when the following elements appear:

"1. A severance of the unity of ownership in an estate.

2. That before the separation takes place the use which gives rise to the easement shall have been so long continued to show that it was meant to be permanent.

3. That the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained.

4. That the servitude shall be continuous as distinguished from temporary or occasional use only."

In the case now under consideration, only the first of these requirements has been established. Up until the time of the separation of the land of which the plaintiff subsequently became the owner, from the 20 foot strip, there was no such circumstance as to make such strip subservient to the main part of the lot. Frank Pospisil treated it all as his own as he had a right to do, subject to the easement of the Village on the 20 foot strip. In giving a mortgage deed to the Union Trust Company he did not include sufficient land to include all of the building. Such fact would not, however, give such grantee or any one claiming under him, any right to land beyond that described in the mortgage deed.

Limbach v. Nye, 47 Oh St 336.

The plaintiff's conduct in the transaction between her husband and Marks herein referred to, shows that she did not assert any right in the 20 foot strip of land. One Hundred Dollars was allowed the purchaser to remove the encroachment of the buildings intended to be included in the transfer.

We conclude, therefore, that the plaintiff is not entitled to the relief prayed for and decree will therefore be entered for the defendants. Order See Journal.

HURD, PJ, MORGAN, J, concur.